IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| EMILY YIELDING, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 4:22-cv-01126-JM-JJV |
| | * | |
| KILOLO KIJAKAZI, | * | |
| Acting Commissioner of the | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Emily Yielding, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income. Both parties have submitted appeal briefs and the case is now ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see*

*also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff is very young – only twenty-four at the time of the administrative hearing. (Tr. 35.) She completed the tenth grade in school and has no past relevant work. (Tr. 39, 21.)

The Administrative Law Judge[2] (ALJ) found Ms. Yielding has "severe" impairments in the form of "spine disorder, obesity, anxiety disorder, bipolar II disorder, personality disorder, and learning disorder." (Tr. 15.) The ALJ next determined that she did not have an impairment or

---

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 15-17.)

The ALJ determined Ms. Yielding had the residual functional capacity (RFC) to perform a significantly reduced range of light work. (Tr. 17.) Because Plaintiff has no past relevant work, the ALJ employed the services of a vocational expert to determine whether jobs existed that Ms. Yielding could perform despite her impairments. (Tr. 58-61.) Based in part on the vocational expert testimony, the ALJ determined that Plaintiff could perform the jobs of cleaner/housekeeper and merchandise marker. (Tr. 22.) Accordingly, the ALJ determined Ms. Yielding was not disabled. (*Id*.)

The Appeals Council received additional evidence but denied Plaintiff's request for a review of the ALJ's decision. (Tr. 1-12.) Therefore, the ALJ's decision is the final decision of the Commissioner. (*Id.*) Plaintiff filed the instant Complaint initiating this review. (Doc. No. 2.)

In support of her Complaint, Mr. Yielding argues, *inter alia*, that the ALJ's RFC assessment is flawed. (Doc. No. 12 at 10-18.) She outlines several limitations she experiences because of her bipolar disorder and depression. (*Id.* at 6-10.) But as the Commissioner points out, the supporting medical records cited *predate* Plaintiff's onset date of July 13, 2020. In fact, nearly all the medical records from the relevant period show very little evidence of a disabling mental impairment. (Tr. 582-598, 868-884, 888-902, 925-955, 981-1102.)[1]

After careful review, I find the ALJ's RFC assessment is supported by substantial evidence. The medical evidence after Plaintiff's onset date of July 13, 2020, supports the ALJ's conclusion

---

[1] I recognize many of these documents cited are duplicated in the administrative transcript and include those records from before the alleged onset date.

that she could perform a reduced range of light work activities.  It is also noteworthy that during this timeframe Plaintiff's treating professionals routinely concluded her prognosis was "good." And these examination notes – while not perfect - showed nothing disabling.

Without question, Plaintiff suffers from some degree of limitation.  However, she has failed to meet her burden of proving she is completely disabled.  "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A) (emphasis added).  A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).  The overall medical evidence provides substantial support for the ALJ's RFC assessment in this case.

I realize there is some evidence in the record to support Plaintiff's claims.  But it is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

Plaintiff also takes aim at the ALJ's reliance on the vocational expert testimony in this case. She says, "In the present case, the expert clearly did not understand the methodology by which the numbers she was reporting were obtained, other than that she obtained them from the software. A vocational witness must be able to describe the methodology by which she arrives at job estimates 'cogently and thoroughly.'"   (Doc. No. 12 at 21.)   The vocational expert, responding to the ALJ's

hypothetical questions identified the jobs of cleaner/housekeeping and merchandise marker. (Tr. 59.) In formulating her opinion, the vocational expert utilized the software program, "Job Browser Pro." (Tr. 60.) While Plaintiff calls into question the use of this software, she is unavailing in her effort to prove using this software is "not sufficient." (Doc. No. 12 at 20.) Plaintiff has shown no prejudice whatsoever from her claims that this software does not address obsolete job descriptions/occupations, does not update the Dictionary of Occupation Titles, and is not a government publication or resource of which the Social Security Administration has taken administrative notice. She has provided no specific reason why the ALJ's testimony was flawed or fails to constitute substantial evidence upon which the ALJ could rely. Her argument here is meritless. Equally meritless is her request for declaratory judgment. I agree with the Commissioner on this point, (Doc. No. 14 at 16-19), and find no basis to grant Plaintiff the requested relief.

Counsel for both sides have done good work on behalf of their respective clients. Plaintiff has advanced other arguments which I find are without merit. I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed, and Plaintiff's Complaint be dismissed with prejudice.

DATED this 7th day of June 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE